UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 19 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| CESAR ZUBIATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:14-cv-01949 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 11/19/2014 |
| ROBERT PITMAN, *et al.*, ) | Description: PRO SE GEN. CIVIL |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

In the guise of a civil rights complaint, plaintiff challenges the jurisdiction of the United States District Court for the Western District of Texas, *see* Pet'r's Mem. of Law in Support of his Complaint Under the Civil Rights Act[,] 42 U.S.C. § 1983, 1985, 1986 and 42 U.S.C. § 1343(3) and for the Breach of Contract ¶¶ 7-8, claims ineffective assistance of legal counsel and conspiracy with respect to a plea agreement purportedly reached with the prosecutor, *see id.* ¶¶ 4, 9, 11, alleges violations of constitutional rights, *see id.* ¶¶ 11-12, and breach of contract, *see id.* ¶ 3, for which plaintiff demands unspecified damages and declaratory relief, *see* Compl. at 4 (page number designated by the Court). Challenges of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws

> of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). And because plaintiff's claims pertain to the fact of his incarceration, he cannot recover damages in this civil rights action without showing that his confinement already has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Furthermore, none of the named defendants is amenable to suit under 42 U.S.C. § 1983. *See Mirales v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (noting that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that it "is not overcome by allegations of bad faith or malice"); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (finding that prosecutor enjoys absolute immunity under § 1983); *McCord v. Bailey*, 636 F. 2d 606, 613 (D.C. Cir. 1980) (finding that defense counsel is not a "state actor" for purposes of § 1983).

The Court will dismiss the complaint for lack of jurisdiction. An Order accompanies this Memorandum Opinion.

/s/ 
United States District Judge

DATE: 11/18/2014